IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEDPOINTE HEALTHCARE INC., )<br>)<br>Plaintiff, )<br>)<br>)<br>vs. )<br>)<br>COBALT PHARMACEUTICALS INC., )<br>)<br>Defendant. )<br>)<br>) | Civil Action No. 07-cv-4769<br><br>Judge St. Eve<br>Magistrate Judge Nolan |

**JOINT INITIAL STATUS REPORT**

Plaintiff MedPointe Healthcare Inc. ("MedPointe"), a Delaware corporation headquartered in New Jersey, and Defendant Cobalt Pharmaceuticals Inc. ("Cobalt"), a Canadian corporation with offices in Canada, met through counsel on November 13, 2007 pursuant to the Order of the Honorable Amy J. St. Eve, U.S.D.J., entered on September 21, 2007 (D.I. 14) and Federal Rule of Civil Procedure 26(f). The parties respectfully submit this Joint Initial Status Report in advance of the Court's November 20, 2007 Initial Status Hearing.

**1.    The Nature of the Case**

The attorneys of record for MedPointe are: Laura A. Hepburn, Jamal M. Edwards, and Rebecca P. Piper, Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, IL 60601, and John M. Desmarais, Peter J. Armenio, and Anne S. Toker, Kirkland & Ellis, LLP, 153 East 53rd Street, New York, New York  10022.  John M. Desmarais is the lead trial attorney.

The attorneys of record for Cobalt are: William A. Rakoczy, Bar No. 6230093, Deanne M. Mazzochi, Bar No. 6243448, Tara M. Raghavan, Bar No. 6280908, Rakoczy Molino

-2-

Mazzochi Siwik LLP, 6 West Hubbard Street, Suite 500, Chicago, Illinois 60610. William A. Rakoczy is the lead trial attorney.

On August 23, 2007, MedPointe filed this civil action for the alleged infringement of United States Patent No. 5,164,194 ("the '194 patent"). This action is based upon the Patent Laws of the United States, 35 U.S.C. §100 *et seq*. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

Cobalt has submitted ANDA 78-847 to the FDA seeking FDA approval to commercially manufacture, use, offer for sale and sell generic azelastine hydrochloride nasal spray product, 0.125 mg (base)/spray, for use in treating, *inter alia*, seasonal allergic rhinitis ("the Generic Product") prior to the expiration of the '194 patent. MedPointe alleges, among other things, that Cobalt's submission of ANDA 78-847 to the FDA, including the § 505(j)(2)(A)(vii)(IV) allegation, constitutes infringement of the '194 patent under 35 U.S.C. § 271(e)(2)(A). Cobalt has answered the Complaint and denied MedPointe's allegations and asserted counterclaims seeking declarations of patent non-infringement, invalidity, and unenforceability. The major legal and factual issues in the case involve the infringement, validity, and enforceability of the '194 patent.

The day before the Complaint was filed in this Action, on August 22, 2007, MedPointe filed an identical action against Cobalt in the District of New Jersey, Civil Action No. 3:07-cv-04017-JAP-TJB. Cobalt has moved to transfer, or, in the alternative, stay those proceedings in favor of the action in this district. MedPointe has similarly moved to transfer this action to the District of New Jersey, or, in the alternative, to stay this action in favor of the action in the District of New Jersey, pending that court's resolution of Cobalt's motion to transfer or

stay. Both motions are currently pending. The parties agree that only one action should proceed but disagree regarding whether it should be the New Jersey action or this action.

**<u>MedPointe's Contentions</u>**

As set forth in detail in MedPointe's Memorandum In Support Of Its Motion To Transfer To The District Of New Jersey Or, In The Alternative, To Stay (D.I. 20-2), MedPointe contends that Cobalt is properly subject to personal jurisdiction in the District of New Jersey and that the first-filed New Jersey action should proceed to conclusion. In addition, relevant documents and witnesses are located in New Jersey. Because Cobalt refused to consent to personal jurisdiction in New Jersey, MedPointe had no choice but to file a second Complaint in this judicial district, where Cobalt indicated that it would not challenge personal jurisdiction. An unjustified challenge by Cobalt to personal jurisdiction in New Jersey would have placed MedPointe's statutory 30-month stay of approval of Cobalt's ANDA at risk, if MedPointe had not filed the protective action in this district.

It is MedPointe's position that this action should be transferred to the District of New Jersey or, in the alternative, stayed pending resolution by the District of New Jersey of Cobalt's motion to transfer or stay those proceedings. In summary, MedPointe argues in its motion that all relevant factors favor transfer to the District of New Jersey, including the convenience of parties and witnesses, consideration of the interest of justice, and deference to the first-filed New Jersey action. Alternatively, a stay would avoid the need for the parties to undertake significant duplication of effort and expense, for example, in the conduct of discovery and other pre-trial proceedings and permit the court overseeing the first-filed action to adjudicate the appropriate venue for the action. MedPointe anticipates that if the Court grants its motion to stay, discovery in this action will be stayed accordingly.

**Cobalt's Contentions:**

Cobalt contends that this action belongs here in this District, where MedPointe voluntarily chose to sue Cobalt in the first place; where all parties have consented to suit; and where the parties are now at issue. Having voluntarily chosen to sue Cobalt here, MedPointe cannot legitimately complain about litigating in Illinois. Nor does MedPointe have any good faith reason not to proceed here, other than pure delay. In fact, MedPointe is not entitled to file or maintain duplicative actions against Cobalt in separate districts. Courts have squarely rejected such tactics, making clear that MedPointe cannot game the system by filing identical actions in different courts and then pick the court in which it wishes to proceed—in this case the slower New Jersey forum. In addition to obvious concerns about forum- and judge-shopping, such identical suits waste the resources of the parties and this Court, and seriously risk inconsistent results. Moreover, MedPointe has a statutory obligation under the Hatch-Waxman Act to expedite this dispute, not prolong it by filing identical actions in different Districts. *See* 21 U.S.C. § 355(j)(5)(B)(iii). Furthermore, this dispute has no real connection to New Jersey. Cobalt is a Canadian corporation that prepared the accused product and ANDA in Canada. Documents, information and witnesses regarding Cobalt's proposed generic product—which give rise to this dispute and the Court's subject matter jurisdiction—are located in Canada, not New Jersey. What's more, the named inventor of the patent-in-suit is located in Germany, not New Jersey. Thus, the gravity of this dispute has nothing to do with New Jersey. The bottom line is that the case should proceed here in Illinois where MedPointe chose to proceed, and where Cobalt has consented to proceed as well. To conserve the resources of the parties and the courts, as well as avoid inconsistent results, Cobalt has moved to transfer, or, in the alternative, stay the

New Jersey proceedings in favor of this action.  Cobalt will oppose MedPointe's motion to transfer or stay this action in favor of the New Jersey action.

**2.      Pending Motions and Case Plan**

As discussed above, MedPointe's motion to transfer or stay these proceedings pending resolution by the District of New Jersey of Cobalt's motion to transfer or stay that action is pending.

In either district, MedPointe needs to take discovery of Cobalt regarding its infringement claims and Cobalt's asserted defenses and counterclaims, and Cobalt needs to take discovery of MedPointe regarding its claims and their asserted defenses and counterclaims.  The parties anticipate offering expert testimony concerning the claims and defenses in the case.  The parties intend to enter into a stipulated protective order to protect certain proprietary and privacy interests of the parties.  Given the motions currently pending in this Court and the District of New Jersey, the parties believe that it is premature to set a discovery plan in this action.  The parties will work to set a joint proposed schedule once the transfer motions are decided and the transferee court's docket can be taken into account.  In either district, the parties anticipate that they will require a one-week trial.  Cobalt has filed a jury demand.  MedPointe plans to move to strike that jury demand.

**3.      Consent to Proceed Before a Magistrate Judge**

The parties do not consent to proceed before a Magistrate Judge.

**4.      Status of Settlement Discussions**

The parties have discussed the possibility of settlement.  Those discussions are at very early stages.  The parties do not require a settlement conference at this time.

Respectfully submitted,

For Plaintiff MedPointe Healthcare Inc.:

/s Rebecca P. Piper
Laura A. Hepburn
Jamal M. Edwards
Rebecca P. Piper
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
Phone: (312) 861-2000
Fax: (312) 861-2200
lhepburn@kirkland.com
jedwards@kirkland.com
rpiper@kirkland.com

*Attorneys for Plaintiff*
*MedPointe Healthcare Inc.*

*Of Counsel:*

John M. Desmarais
Peter J. Armenio
Anne S. Toker
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
(212) 446-4800
jdesmarais@kirkland.com
parmenio@kirkland.com
atoker@kirkland.com

For Defendant Cobalt Pharmaceuticals Inc.:

/s William A. Rakoczy  
William A. Rakoczy  
Deanne M. Mazzochi  
Tara M. Raghavan  
Rakoczy Molino Mazzochi Siwik LLP  
6 West Hubbard Street  
Suite 500  
Chicago, Illinois 60610  
Tel: 312-527-2157  
Fax: 312-527-4205  
wrakoczy@rmmslegal.com  
dmazzochi@rmmslegal.com  
traghavan@rmmslegal.com  

*Attorneys for Defendant*  
*Cobalt Pharmaceuticals Inc.*

## CERTIFICATE OF SERVICE

I, Rebecca P. Piper, hereby certify that on November 15, 2007, I caused the foregoing JOINT INITIAL STATUS REPORT to be served via the Court's electronic filing system (ECF) upon:

>William A. Rakoczy
>Deanne M. Mazzochi
>Tara M. Raghavan
>Rakoczy Molino Mazzochi Siwik LLP
>6 West Hubbard Street
>Suite 500
>Chicago, Illinois 60610

Dated:  November 15, 2007

>By:   /s Rebecca P. Piper
>      Rebecca P. Piper
>      KIRKLAND & ELLIS LLP
>      200 East Randolph Drive
>      Chicago, IL  60601
>      Phone:  (312) 861-2000
>      Fax:  (312) 861-2200